UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-158-FDW

| CHRISTOPHER ANTHONY JUDD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| WILLIS LANGFORD, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), and on *pro se* Plaintiff's Letter, (Doc. No. 7), that was docketed as a Motion to Correct Errors in the Complaint.

### I. BACKGROUND

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Buncombe County Detention Facility. He names as Defendants: Correctional Officer Willis Langford, Correctional Officer Chauncey Thicklin, and Intake Nurse Jane Doe.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff informed Intake Nurse Jane Doe on December 23, 2018 that he would be withdrawing from heroin and Xanax and informed her of "several mental health issues." (Doc. No. 1 at 3). The nurse asked Plaintiff to sign multiple forms, including one consenting to be held liable for costs incurred as a result of any self-injurious behavior, and Plaintiff refused. Plaintiff was told that he would not be able to start any detox medications unless he signed the form. Plaintiff told the nurse she could not do that and that Plaintiff was going to sue. The nurse immediately summoned officers to escort

1

him back to his cell, at which point Plaintiff agreed to sign the form. As soon as Plaintiff signed, he was "jerked" out of his seat by Defendants Langford and Thicklin who began "forcibly escorting" Plaintiff back to his cell. (Doc. No. 1 at 3-4). During the escort, Plaintiff attempted to pull away from the officers and was slammed on his back, causing him to hit his head very hard on the cement floor and lose consciousness briefly. Plaintiff believes that he was hit in the face by the officers during this time, causing injury to the left side of his lip and his left cheekbone. The officers never attempted to give Plaintiff a verbal command before grabbing his arms and grabbing him. This exacerbated a diagnosed mental health issue, PTSD. Plaintiff claims that all of the foregoing violated his Fourteenth Amendment due process rights. Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.    DISCUSSION**

**(1)    Medical Deliberate Indifference**

Claims under § 1983 based on an alleged lack of, or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[1] Estelle v.

---

[1] It appears that Plaintiff was a pretrial detainee at the time of the alleged incident. A pretrial detainee's deliberate indifference claim is properly brought under the Fourteenth Amendment rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment). Even if the Fourth Circuit were to apply the Kingsley "objective unreasonableness" standard to Plaintiff's medical deliberate indifference claim, Plaintiff's allegations still fall short of stating a plausible claim.

3

Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate and that the defendant acted with deliberate indifference to those needs. Id.; Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Plaintiff alleges that he told Intake Nurse Jane Doe that he would be withdrawing from heroin and Xanax, and that he has "several mental health issues," (Doc. No. 1 at 3), and that the nurse told him that he would be required to sign release forms before he could begin detox protocol medications. Plaintiff ultimately signed the forms and he does not allege that any care or medications were withheld.

These allegations fail to demonstrate that Plaintiff had a sufficiently serious medical need to which Intake Nurse Jane Doe was deliberately indifferent and, therefore, Plaintiff's claim of deliberate indifference to a serious medical need will be dismissed.

**(2)** **Excessive Force**

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," Bell v. Wolfish, 441 U.S. 520, 538 (1989). While prisoners cannot be punished cruelly and unusually, pretrial detainees cannot be punished at all. Kingsley, 135 S.Ct. at 2475. Therefore, for pretrial detainee excessive force cases two issues are examined: (1) was the act purposeful (not negligent or accidental), and (2) was the force objectively unreasonable. Subjective questions like ill will and malice are not appropriate. Id. at 2473; see Duff v. Potter, 665 Fed. Appx. 242 (4th Cir. 2016). In determining whether the force was objectively unreasonable, a court considers the evidence from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. Kingsley, 135 S.Ct. at 2473. Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id. The standard is an objective one so the officer's motivation or intent is irrelevant. Duff, 665 Fed. Appx. at 244.

Plaintiff claims that Defendants Langford and Thicklin slammed him onto the ground, causing his head to strike the ground forcefully, and struck his face while he was unconscious. These allegations state a plausible excessive force claim. Therefore, Plaintiff's excessive force claim will proceed against Defendants Langford and Thicklin.

**IV.    MOTION TO CORRECT**

Plaintiff has filed a Letter that was docketed as a Motion to Correct Errors in the Complaint

in which he seeks to add claims against Defendants in their individual and official capacities.

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff essentially seeks to amend the Complaint, however, piecemeal amendments will not be permitted. Plaintiff's Motion to Correct Errors will therefore be denied without prejudice to file an Amended Complaint in accordance with all applicable rules, procedures, and Orders including the Federal Rules of Civil Procedure and the Court's Local Rules. Plaintiff's attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all Defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding Defendants and claims in a piecemeal fashion. Any Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). If Plaintiff fails to file an Amended Complaint pursuant to this Order, the case will proceed on the Complaint as originally filed.

## V.     CONCLUSION

For the reasons stated herein, Plaintiff's excessive force claims will be permitted to proceed against Defendants Langford and Thicklin. The remaining claims are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). Plaintiff's Letter is construed as a Motion to Amend and is denied without prejudice to file a superseding Amended Complaint in accordance with all applicable rules, procedures, and Orders.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint has passed initial review on Plaintiff's claims of excessive force against Defendants Langford and Thicklin.

2. Plaintiff's claim of deliberate indifference to a serious medical need against Intake Nurse Jane Doe is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to terminate Intake Nurse Jane Doe as a Defendant.

4. Plaintiff's Letter, (Doc. No. 7), that was docketed as a Motion to Correct Errors in the Complaint, is construed as a Motion to Amend and is denied without prejudice to file a superseding Amended Complaint in accordance with all applicable rules, procedures, and Orders.

5. The Clerk of Court is directed to mail a blank § 1983 complaint form to Plaintiff.

6. **IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on **Defendants Willis Langford** and **Chauncey Thicklin**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on these Defendants. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: October 1, 2019

Frank D. Whitney
Chief United States District Judge