**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00158-MR**

| | | |
|---|---|---|
| **CHRISTOPHER ANTHONY JUDD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **WILLIS COLBY LANGFORD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte.*

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Buncombe County Detention Facility ("BCDF").[1]  The Plaintiff's claims passed initial review against Defendants Willis Colby Langford and Chauncey Tavares Thicklin, detention officers at BCDF, for the use of excessive force and failure to intervene; against Defendants Langford, Thicklin, John Doe Officers 1, 2, and 3, and Nurse Jane Doe for deliberate

_____

[1] The Plaintiff filed the Complaint while he was incarcerated at BCDF but he was subsequently released from custody.

indifference to a serious medical need; and against Nurse Jane Doe for retaliation.  [Doc. 21: Second Am. Compl.; Doc. 20: Order on Initial Review].

On July 21, 2020, the Court issued a Pretrial Order and Case Management Plan setting the deadline to join additional parties or otherwise amend the pleadings as September 7, 2020.  [Doc. 28: Pretrial Order].  The Order provides that "[a] motion to amend the pleadings made after this deadline is, in effect, a motion to amend th[e] scheduling order, and any party seeking to do so will have the burden of satisfying not only Rule 15's 'justice so requires' standard but also Rule 16(b)'s 'good cause' standard."  [Doc. 28: Pretrial Order at 5].

On September 15, 2020, the Court ordered the Plaintiff to show cause why Nurse Jane Doe and John Doe Officers 1 through 3 should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for lack of service.  [Doc. 29: Order to Show Cause].  The Plaintiff was cautioned that the failure to comply with the Order would likely result in the dismissal of the Doe Defendants from this action without prejudice and without further notice.  [Id. at 3].

The Plaintiff filed a Response to the Order to Show Cause, which was dated September 21, 2020 and docketed on September 23, 2020.  [Doc. 30: Response].  The Plaintiff explained that he needed additional time to attempt

2

to identify the Doe Defendants through discovery. [Id.]. On November 9, 2020, the Plaintiff filed proposed summons forms for "Detention Officer Kristi Michelle Jones," "Jack Vanduncan," and "Betty Garth LPN." [Doc. 33: Proposed Summons]. The Plaintiff has not moved to extend the pretrial deadlines or to amend the Complaint to include allegations against these individuals.[2]

The Federal Rules of Civil Procedure allow a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). "[T]o establish good cause, a plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service." Ghazarian v. Specialized Bicycle Components, Inc., 2019 WL 315997, at *2 (W.D.N.C. Jan. 24, 2019) (quoting Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003)). Among the many factors bearing on the good cause inquiry are: "(i) the possibility of prejudice

---

[2] It appears that the Plaintiff intended to file the summons for Jack Vanduncan in Civil Case No. 1:19-cv-00076-MR, which is now closed, rather than the instant case. [See Doc. 33: Proposed Summons at 5].

3

to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of the statutes of limitations that may bar refiling, and (viii) whether time has previously been extended." Robinson v. GDC, Inc., 193 F.Supp.3d 577, 580 (E.D. Va. 2016).

The Plaintiff now seeks to serve Jones, Vanduncan and Garth. However, he does not offer any explanation as to the basis for any claims against these people, how they are connected to this case, or why he seeks to serve them in this matter. The Court has considered the relevant factors and concludes that the Plaintiff has failed to demonstrate good cause for his delay in serving these individuals. The factors demonstrating the lack of good cause are: the possibility of prejudice to the Defendants, as discovery has closed and the deadlines to amend and file dispositive motions have expired; the addition of parties at this point in the proceedings would greatly delay the disposition of the case; the Plaintiff failed to seek an extension of the deadlines to amend, complete discovery, or file dispositive motions; and the Plaintiff will not be time-barred from pursuing his claims against Jones,

Vanduncan, and Garth in a separate action.[3]  Most importantly, the Plaintiff has failed to state any basis for a claim against these parties.  As such, the record in this case shows that allowing the Plaintiff to proceed would be futile. Accordingly, John Doe Officers 1, 2, and 3, and Nurse Jane Doe are dismissed from this action without prejudice.

**IT IS THEREFORE ORDERED** that John Doe Officers 1, 2, and 3, and Nurse Jane Doe are **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: August 11, 2021

Martin Reidinger
Chief United States District Judge

---

[3] The Plaintiff is cautioned that, should he wish to pursue his claims against these individuals, he should do so promptly in a separate lawsuit, as his claims are governed by a three-year statute of limitations.  See N.C.G.S. § 1–52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991).  The Court expresses no opinion about the merit or procedural viability of such an action.

6